IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01870-BNB

WILLIAM GARCIA,

Applicant,

v.

LARRY REID, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant William Garcia is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Garcia initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order filed on April 18, 2008, by Magistrate Judge Boyd N. Boland, the Court directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 8, 2008, Respondents filed a Pre-Answer. Mr. Garcia filed a Reply to the Pre-Answer on August 20, 2008.

Upon review of the Pre-Answer and the Reply, Magistrate Judge Boland entered an order on September 8, 2008, in which he ordered Mr. Garcia to show cause why the Application should not be denied for failure to exhaust state court remedies. In the September 8, 2008, Order Mr. Garcia was offered the opportunity to dismiss his unexhausted claims and proceed with only his exhausted claims.

On October 9, 2008, Mr. Garcia requested an extension of ninety days to respond to the September 8, 2008, Order to Show Cause. Magistrate Judge Boland, on October 16, 2008, entered an order denying Mr. Garcia's request for a ninety-day extension but allowing him an additional thirty days to file a Response. Magistrate Judge Boland found that all the information Mr. Garcia needed to prepare a Response was found in the attachments to Respondents' Pre-Answer Response, and extensive legal research was not required. Although Mr. Garcia filed a second Motion for Extension of Time on November 26, 2008, and the Court granted Mr. Garcia an additional fourteen days from December 1, 2008, to prepare a Response to the Show Cause Order, he now has failed to file a timely Response. No further extensions are necessary and no consideration will be given to any untimely filings. Mr. Garcia was aware that he needed to file a Response by December 15, 2008, and has had sufficient time to file a Response.

The Court must construe the Application and the Reply liberally because Mr. Garcia is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Overall, Mr. Garcia sets forth sixteen claims in the Application. Magistrate Judge Boland found that Mr. Garcia exhausted his state court remedies in Claims One, Two, Three, Four, Five, Eight, and Nine but did not exhaust his remedies in Claims Seven, Ten, Eleven, Twelve, Thirteen, Fourteen, and Sixteen. Upon review of all of the pleadings submitted by both Respondents and Applicant, I concur that only Claims One, Two, Three, Four, Five, and Nine have been exhausted. Before Mr. Garcia may pursue his claims in this Court, he must have exhausted his state court remedies in all of the claims that he raises. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented "to the highest state court, either by direct review of the conviction or in a postconviction action." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

Magistrate Judge Boland determined, in the September 8, 2008, Order that Mr. Garcia failed to comply with the Colorado Court of Appeals' directive to amend his opening brief on appeal and to not exceed the thirty, double-spaced page limitation. As a result of Mr. Garcia's failure to comply with the directive, only a portion of his claims

were addressed. Any claims asserted in the pages that were in excess of the thirty pages were not considered because the court of appeals ordered those pages stricken.

Mr. Garcia contends, however, that he filed a C.A.R. Rule 21 petition for relief with the Colorado Supreme Court in which he raised all of the claims that he has set forth in the instant action. The Colorado Supreme Court denied the Rule 21 petition without deciding the merits of the claims asserted in the petition.

As for Mr. Garcia's Rule 21 petition, if a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).

A Rule 21 petition does not satisfy the requirement that Mr. Garcia must exhaust his state court remedies. Mr. Garcia has available to him in state court other appeal procedures by which he may exhaust the merits of his claims. The Court finds no extraordinary circumstances that would merit waiving the state court exhaustion requirement.

Because the Court will deny the Application as a mixed petition the Court will refrain from determining the merits of Mr. Garcia's claims. Mr. Garcia is instructed that

4

he is subject to the one-year tolling requirement under 28 U.S.C. § 2244(d). He also should take note that the time the instant action was pending in this Court does not toll the time under § 2244(d). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice as a mixed petition. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 30 day of December, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 07-cv-01870-BNB

William Garcia
Prisoner No. 63442
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Paul Koehler
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/31/08

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk